ROBERT W. FREEMAN
Nevada Bar No. 03062
Email: Robert.Freeman@lewisbrisbois.com
PRISCILLA L. O'BRIANT
Nevada Bar No. 10171
Email: Priscilla.Obriant@lewisbrisbois.com
TARA U. TEEGARDEN
Nevada Bar No. 15344
Email: Tara.Teegarden@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118
(702) 693-4388 / FAX (702) 893-3789

DAVID M. KRUEGER (Pro Hac Vice)
Ohio Bar No.: 0085072
Email: dkrueger@beneschlaw.com
NORA K. COOK (Pro Hac Vice)
Ohio Bar No.: 0086399
Email: ncook@beneschlaw.com
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114
(216) 363-4500 / FAX (216) 363-4588
*Attorneys for Defendant USAA Savings Bank*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

LANCE MANCUSO,

Plaintiff,

v.

USAA SAVINGS BANK, et al.

Defendants.

Case No. 2:20-cv-01656-RFB-BNW

**EMERGENCY MOTION**

**DEFENDANT USAA SAVINGS BANK'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

Defendant USAA Savings Bank ("USAA SB") submits this Emergency Motion for Protective Order ("Motion). Pursuant to LR 7-4, the Declaration of USAA SB's counsel, David M. Krueger, is attached as "**Exhibit A**."

## I. FACTS AND PROCEDURAL POSTURE

On Monday, March 15, 2020, at 6:04 p.m. ET, Plaintiff issued a Notice of Deposition for USAA SB's Rule 30(b)(6) deposition to occur next week, on Monday, March 22, 2020, in Phoenix, Arizona ("**Notice**"). (Exhibit A at ¶ 2; Exhibit B.) USAA SB has conferred and Plaintiff will not move the deposition date. (Exhibit A ¶ 5.) USAA SB seeks emergency relief because normal briefing would not allow this Motion to be decided before the Noticed date and the parties have been unsuccessful in resolving the dispute or reaching the Court telephonically. (*Id.*)

## II. LAW & ARGUMENT

### a. Standard for a Protective Order.

Rule 26(c)(1) of the Federal Rules of Civil Procedure permits courts to enter protective orders "for good cause." The party seeking protection bears the burden of showing good cause, that is, specific prejudice or harm that will result if no protective order is granted. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002). With respect to depositions, "[a] party who wants to depose a person by oral questions must give ***reasonable written notice*** to every other party." Fed. R. Civ. P. 30(b)(1) (emphasis added).

### b. Seven days is not reasonable notice to identify and prepare up to three corporate representatives (in potentially two different states).[1]

Simply put, seven days is not reasonable notice for a deposition. *See, e.g.*, *Gulf Production Co., Inc. v. Hoover Oilfield Supply, Inc.*, No. 08-5016, 2011 U.S. Dist. LEXIS, *10 (E.D. La. Mar.

[1] USAA SB also objected on the grounds that Plaintiff is not entitled to take the depositions in Phoenix, Arizona, but rather in San Antonio, Texas, where USAA's principal place of business and representatives may be situated. *See, e.g.*, *Merianos v. Merry Chance Indus.*, No. CV 10-2357, 2011 U.S. Dist. LEXIS 163921, *4 (C.D. Cal. Aug. 8, 2011) ("The general rule for setting the location of a corporate party's deposition is … at its principal place of business.'"). While Plaintiff has not yet issued a new Notice, Plaintiff has represented that he will conduct the deposition in San Antonio if the representatives are located there. The parties have also discussed doing remote depositions if the witnesses had a genuine concern regarding COVID exposure. While not subject to the current Motion, USAA SB briefly raises this simply to memorialize that agreement.



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

11, 2011) ("[C]ourts have ruled that a week or less is not sufficient notice pursuant to the rules."). This is particularly the case for a Rule 30(b)(6) deposition that will require USAA SB to identify and prepare up to three witnesses (in potentially two different states) to testify to over 30 different topics. *See, e.g.*, *Holloway v. 3M Co.*, No. 19-708, 2019 U.S. Dist. LEXIS 222001, *74 (C.D. Cal. Oct. 31, 2019) ("[N]ine days' notice is not reasonable for a Rule 30(b)(6) deposition[.]").

Plaintiff's Notice, generally speaking, seeks detailed information on Plaintiff's account with USAA SB, fraud investigations, credit reporting, collections efforts, and credit reporting disputes over almost a three-year timespan, as well as policies and procedures regarding the same. (Exhibit A ¶ 3.) The parties have produced almost 600 pages of documents to date, on which the corporate representatives must also be prepared to testify. (*Id.*); *see, e.g.*, *Elan Microelectronics Corp. v. Pixcir Microelectronics Co.*, No. 2:10-cv-00014, 2013 U.S. Dist. LEXIS 114164, *15-17 (D. Nev. Aug. 7, 2013) (discussing duty of defendant to prepare Rule 30(b)(6) witnesses). Even if USAA SB could offer its witnesses on March 22, 2020—USAA SB is still trying to determine who the appropriate representatives will be in the less than 48-hours since Plaintiff issued the Notice—it would consume several combined days of USAA SB's counsel and USAA SB's witnesses time to prepare for and attend these depositions, causing significant unplanned business interruption.[2]

USAA SB is obviously willing to offer its representatives for deposition at a mutually agreeable time and place, and prepare them as it is required to do. But Plaintiff's demand that USAA SB, its counsel, and its witnesses drop everything they are doing this week to prepare for a deposition this upcoming Monday is prejudicial, simply not reasonable, and cannot be practically done. *See Engage Healthcare Communs., LLC v. Intellisphere, LLC*, No. 12-cv-00787, 2017 U.S.

[2] The timing is also unreasonable given that Plaintiff has included TCPA deposition topics in the Notice, (Exhibit B at ¶¶ 23-31), when those claims are not even in the case. (See Docs. 36, 40, 41, and 44.) To the extent such claims were allowed, additional discovery and preparation would be necessary to adequately prepare.



Dist. LEXIS 214569, *7 (D.N.J. Nov. 1, 2017) ("[P]revailing practice dictates that counsel should notice depositions at least 14 days — not counting mail time — in advance.") (citation omitted).

**c. Plaintiff has not acted diligently in seeking to schedule USAA SB's deposition.**

Finally, the Court may also consider whether a defendant has been uncooperative in scheduling depositions. *See Bresk v. Unimerica Ins. Co.*, No. 16-8893, 2017 U.S. Dist. LEXIS 225217, *21-24 (C.D. Cal. Nov. 16, 2017). Discovery has been open for almost five months, since October 28, 2020. (*See* Exhibit A at ¶ 3.d.) Plaintiff has never previously sought or requested deposition dates from USAA SB, instead simply issuing the Notice on March 15, 2020.[3] (*Id.*)

During the meet and confer process, Plaintiff expressed that he would not agree to move the deposition because of his upcoming expert deadline of March 30, 2020. (*See* Docs. 32 and 34.) Yet, Plaintiff waited until this afternoon to file his motion to extend expert discovery. Regardless of whether that motion should ultimately be granted and whether Plaintiff can show good cause for it, whether Plaintiff has acted diligently in procuring expert testimony is unrelated to whether seven days is reasonable time for USAA SB to identify and prepare its corporate representatives. Had Plaintiff genuinely needed USAA SB's Rule 30(b)(6) deposition to obtain expert testimony, he has had since October of last year to seek it.

As respectfully as can be stated, that Plaintiff only thought to depose USAA SB one week before his expert deadline does *not* somehow make seven days' notice practical or reasonable. "[T]his is a problem of their own creation and one which could easily have been avoided." *Ransburg Corp. v. Champion Spark Plug Co.*, 648 F. Supp. 1040, 1047 (N.D. Ill. 1986).

---

[3] In full candor, two days prior to the Notice, on Saturday, March 13, Plaintiff originally demanded a deposition from USAA SB *this week* on even shorter notice. Before USAA SB could even respond, Plaintiff then issued the Notice for March 22. But this is essentially a distinction without a difference for where the parties are presently.



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

## III. CONCLUSION

USAA SB respectfully requests emergency relief from this Court in the form of a Protective Order precluding the Noticed deposition on March 22, 2020 from going forward, and order Plaintiff to confer with USAA SB on a mutually agreeable date and time for a Rule 30(b)(6) deposition.

Dated this 17th day of March, 2021

Respectfully submitted,

*Tara U. Teegarden*

ROBERT W. FREEMAN
Nevada Bar No. 03062
PRISCILLA L. O'BRIANT
Nevada Bar No. 10171
TARA U. TEEGARDEN
Nevada Bar No. 15344
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118
702-693-4388 / FAX 702-893-3789

DAVID M. KRUEGER
Ohio Bar No. 0085072
NORA K. COOK
Ohio Bar No. 0086399
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
216-363-4500 / FAX: 216-363-4588

*Attorneys for Defendant USAA Savings Bank*

**IT IS ORDERED** that ECF No. 46 is GRANTED under the Court's broad discretion to control discovery.

**IT IS FURTHER ORDERED** that the parties are to meet and confer on a mutually agreeable date and time for a Rule 30(b)(6) deposition.

**IT IS FURTHER ORDERED** that in light of this order allowing Defendant USAA SB additional time to prepare for a Rule 30(b)(6) deposition, the parties are to meet and confer again regarding Plaintiff's requested extension at ECF No. 45.

**IT IS SO ORDERED**

**DATED:** 10:53 am, March 18, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**



## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of, and that on this 17th day of MARCH, 2021, I did cause a true copy of **EMERGENCY MOTION FOR A PROTECTIVE ORDER** to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System.

Continuation on next page



CERTIFICATE OF SERVICE
CONTINUATION:

Steven A. Alpert
PRINCE LAW GROUP, APC
5940 S. Rainbow Blvd.
Suite 3014
Las Vegas, NV 89118
P: (702) 794.2008
alpert@pricelawgroup.com
Attorney for Plaintiff
Lance Mancuso

Robert M. Tzall
Law Offices of Robert M. Tzall
1481 Warm Springs Rd., Suite 135
Henderson, NV 89014
office@tzalllegal.com
Attorneys for Plaintiffs

Price Law Group, APC
David Chami, Esq.
8245 North 85th Way
Scottsdale, AZ 85258
Phone (818) 600-5515
david@pricelawgroup.com
Attorney for Plaintiff

Alverson Taylor & Sanders
Kurt Bonds, Esq.
Trevor Waite, Esq.
6605 Grand Montecito Parkway, Suite 200
Las Vegas, NV 89149
P: (702) 384-7000/F: (702) 385-7000
efile@alversontaylor.com
kbonds@alversontaylor.com
twaite@alversontaylor.com
Counsel for Trans Union LLC

Jeremy J. Thompson
Clark Hill PLLC
3800 Howard Hughes Pkwy, Suite 500
Las Vegas, NV 89169
jthompson@clarkhill.com
Attorney for Equifax Information Services, LLC

Jennifer L. Braster
Andrew J. Sharples
Naylor & Braster
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
T: 702-420-7000/ F: 702-420-70001
jbraster@nblawnv.com
asharples@nblawnv.com

Katherine A. Neben
Jones Day
3161 Michelson Drive, Suite 800
Irvine, CA 92612
T: 949-851-3939 /F: 949-553-7539
kneben@jonesday.com
Attorneys for Experian Information Solutions, Inc.

BY: /s/Anne Cordell
An Employee of
Lewis Brisbois Bisgaard
& Smith LLP