# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

Lance Mancuso,

    Plaintiff,

v.

USAA Savings Bank, et al.,

    Defendants.

Case No. 2:20-cv-01656-RFB-BNW

**ORDER**

Before the Court is Plaintiff's first motion to amend his complaint. ECF No. 36. Defendant USAA Savings Bank (USAA) opposed this motion. ECF No. 40. Plaintiff replied at ECF No. 41.[1] For the reasons discussed below, the Court grants Plaintiff's motion.

**I.**  **Background**

Plaintiff filed his original complaint in September 2020. ECF No. 1. In it, he alleged violations of the Fair Credit Reporting Act (FCRA) against USAA.[2] *Id.* Specifically, Plaintiff alleged the following: Plaintiff signed up for a credit card with USAA and incurred a debt on this account. *Id.* at 3. In January 2018, he paid off the credit card in full. *Id.* Shortly thereafter, someone stole Plaintiff's credit card information and charged approximately $11,000 to Plaintiff's account. *Id.* at 4.

---

[1] Defendant also filed a supplemental brief. ECF No. 44. The Court notes that under Local Rule 7-2(g), "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." Accordingly, the Court will not consider USAA's supplemental brief. However, had the Court considered this brief, it would not change the Court's analysis.

[2] Plaintiff sued other defendants as well, but Plaintiff has since settled his claims with the other defendants. ECF No. 36 at 2.

Plaintiff reported the fraudulent activity to USAA and tried to resolve the issue on multiple occasions to no avail. *Id.* In early 2019, Plaintiff discovered that the credit reporting agencies (Trans Union, Experian, and Equifax) were reporting this debt. *Id.* at 4-5. Concerned that USAA was refusing to remedy the situation and instead reporting inaccurate information to credit reporting agencies, Plaintiff filed a police report and a Federal Trade Commission Identity Theft Report (FTC Report) to report the fraudulent charges. *Id.* at 5. Plaintiff then sent dispute letters to the credit reporting agencies, attaching the FTC Report and explaining that he was the victim of identity theft. *Id.* The credit reporting agencies then notified USAA that Plaintiff was disputing the debt. *Id.* at 11. Plaintiff contends USAA violated the FCRA by failing to properly investigate the information Plaintiff disputed and continuing to disseminate inaccurate information about Plaintiff to the credit reporting agencies. *Id.* at 11-12. Plaintiff seeks a declaratory judgment and various forms of damages for this conduct. *Id.* at 12-13.

After Plaintiff filed his complaint, the parties filed a proposed discovery plan and scheduling order. *See* ECF Nos. 29, 32. The parties subsequently stipulated to extend the discovery deadlines, which the Court did on January 6, 2021. *See* ECF Nos. 33, 34. As is relevant to this order, the deadline to amend pleadings became due March 1, 2021. *See* ECF Nos. 32 (deadline to amend pleadings was December 30, 2020); 34 at 2 (extending deadlines 60 days).

Before the amendment deadline, Plaintiff moved to amend his complaint. ECF No. 36. Plaintiff seeks leave to add claims under the Telephone Consumer Protection Act (TCPA) and claims for invasion of privacy. *Id.* at 2. Plaintiff argues that on January 21, 2021, USAA responded to discovery and provided evidence to support these new claims. *Id.* at 2-3, 5. Specifically, Plaintiff alleges that USAA's records indicate that it repeatedly called Plaintiff using an automated telephone dialing system after Plaintiff asked USAA to stop calling him to collect a fraudulent debt. *Id.* at 3. Before receiving this discovery, "Plaintiff did not have evidence to support his [new] claims . . . as he kept no record of the number of phone calls made to his cell phone, nor was he in a position to know that Defendant was using an auto-dialer to call him in violation of federal law." *Id.* at 6. As a result, Plaintiff argues that amendment is timely and proper. *See id.* at 6-7.

1  USAA disagrees. ECF No. 40. USAA argues that Plaintiff's motion for leave to amend should be denied for two reasons. *Id.*

First, USAA argues that leave to amend should be denied because Plaintiff unduly delayed in seeking leave to amend. *Id.* at 2-4. Essentially, USAA argues that Plaintiff knew about the phone calls and the fact that he asked USAA to stop calling him back in 2018 (when he alleges the calls occurred). *Id.* at 3. As such, USAA argues that Plaintiff knew about the facts supporting his new claims roughly two years before he filed this case. *Id.* USAA further argues that courts are to evaluate when the movant knew or should have known about the facts and theories raised by amendment. *See id.* at 2-3. And the Ninth Circuit has found undue delay when several months pass between the time the movant knew about the basis for a claim and when the movant sought leave to amend. *Id.* at 3. Here, USAA argues that more than two years lapsed between the time Plaintiff knew about the facts and theories raised in his amended complaint and the time he sought leave to amend. *Id.* at 4. Accordingly, USAA argues that leave to amend should be denied based on Plaintiff's undue delay. *Id.*

Second, USAA argues that leave to amend should be denied because amendment would cause USAA undue prejudice. *Id.* USAA argues that it would be prejudiced by having to conduct additional discovery on these new claims. *Id.*

Plaintiff disagrees with USAA's arguments in its reply. ECF No. 41.

First, Plaintiff argues that it did not unduly delay in moving to amend. Plaintiff's counsel explains that when he first spoke to Plaintiff, Plaintiff mentioned that he received unwanted calls from USAA. *Id.* at 2. However, when counsel further inquired about the calls, Plaintiff stated that he did not keep records of the calls. *Id.* Accordingly, without evidence to support potential TCPA and invasion of privacy claims, Plaintiff's counsel did not assert these claims in the original complaint. *Id.* When Plaintiff's counsel later received discovery, he realized it "corroborated Plaintiff's initial mention of unwanted calls from USAA." *Id.* Plaintiff moved to amend his complaint shortly thereafter, weeks before the deadline to amend pleadings and approximately four months before discovery was set to close. *See id.* at 4. Accordingly, Plaintiff argues that his motion is timely. *Id.*

Second, Plaintiff argues that USAA will not be unduly prejudiced if leave to amend is granted. *Id.* at 5. Plaintiff asserts that, to show prejudice, a party must allege more than that they will have to spend time and resources responding to amendment. *Id.* at 5-6. Plaintiff also asserts that his new claims will require "very limited additional discovery," including requesting the recordings of the phone calls between the parties, information about USAA's telephone system, and potentially deposing a corporate representative of USAA. *Id.* at 6. Accordingly, Plaintiff argues that amendment should be granted.

**II.   Analysis**

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

"The standard for granting leave to amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

"The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Corinthian Colls.*, 655 F.3d at 995. These factors, however, are not equally weighted. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Specifically, "delay alone[,] no matter how lengthy[,] is an insufficient ground for denial of leave to amend." *Id.*; *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("[D]elay alone is not sufficient to justify the denial of a motion requesting leave to amend."). To deny a motion to amend based on delay, bad faith or prejudice must also exist. *Webb*, 655 F.2d at 980.

Here, as explained below, Defendant did not meet its burden to show that amendment should be denied.

First, Plaintiff did not unduly delay in seeking leave to amend. In evaluating whether a motion to amend is timely, courts must consider more than whether amendment is sought before the deadline to amend pleadings. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Courts must also ask "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Id.* (internal quotations and citations omitted); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."). "Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend *may* be denied." *E.E.O.C. v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988) (emphasis added).

However, leave to amend should not be denied if the movant offers a satisfactory reason for waiting to amend. One reason the Ninth Circuit has found to be satisfactory is when a movant waits to amend until it has sufficient evidence upon which to base new claims. *DCD Programs*, 833 F.2d at 187 ("[A]ppellants have offered a satisfactory explanation for their delay in naming HFB as a defendant, i.e., they waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct."); *see also Story v. Midland Funding LLC*, No. 3:15-CV-0194-AC, 2016 WL 5868077, at *4 (D. Or. Oct. 7, 2016) (allowing amendment to add TCPA claims based on information obtained in discovery and noting that, "[a]lleging new claims based on new information does not cause undue delay, even if some of the facts underlying the new claims were available to [Plaintiff] when she filed her initial complaint."); *see also AmerisourceBergen*, 465 F.3d at 953 (district court did not abuse its discretion in denying leave to amend when movant "never provided a satisfactory explanation" regarding why it moved to amend a year into litigation and drastically changed its litigant theory).

Here, the Court finds that Plaintiff offered a satisfactory reason for not initially bringing TCPA and invasion of privacy claims. Plaintiff told his counsel that he received unwanted calls. ECF No. 41 at 2. However, because he had no record of the calls, Plaintiff's counsel did not have any "concrete evidence" upon which to bring the newly asserted claims. *Id.* Only when Plaintiff's

counsel received discovery regarding USAA's calls to Plaintiff did he have evidence upon which to base the new claims. *See id.* In short, Plaintiff's counsel waited to bring the TCPA claims and the invasion of privacy claims until he had sufficient evidence upon which to base them. Waiting until the movant has sufficient evidence upon which to base a claim is a satisfactory reason for not initially bringing that claim. *See DCD Programs, Ltd.*, 833 F.2d at 187. Further, "[a]lleging new [TCPA and invasion of privacy] claims based on new information does not cause undue delay, even if some of the facts underlying the new claims were available to [Plaintiff] when []he filed h[is] initial complaint." *See Story*, 2016 WL 5868077, at *4.

Furthermore, and as discussed below, even if the Court found that Plaintiff delayed in bringing his new claims, the Court does not find that USAA will be prejudiced by amendment (and no one argues that Plaintiff acted in bad faith). As such, it would be improper to deny leave to amend. *See Webb*, 655 F.2d at 980 (delay alone is insufficient to deny a motion to dismiss; prejudice or bad faith must also exist).

USAA will not be prejudiced by amendment. Again, USAA argues that it will be prejudiced because it will be forced to engage in additional discovery on Plaintiff's new claims. ECF No. 40 at 4-5. However, the Ninth Circuit has found that when amendment is sought during discovery, and no trial date has been set, the timing of amendment does not cause undue prejudice. *DCD Programs, Ltd.*, 833 F.2d at 187-88; *see also Story v. Midland Funding LLC*, No. 3:15-CV-0194-AC, 2016 WL 5868077, at *4 (D. Or. Oct. 7, 2016) ("The need for additional discovery alone does not establish undue prejudice."). Here, when Plaintiff sought leave to amend, nearly four months remained in discovery. *See* ECF No. 34 (order extending discovery deadlines); ECF No. 36 (motion to amend). The deadline to amend pleadings also had not run. *See* ECF No. 34 (ordering extending discovery deadlines). No trial date was (or is) set. Further, Plaintiff argues that he only needs "very limited additional discovery" on his new claims. ECF No. 41 at 6. USAA also acknowledges that Plaintiff's new claims arise out of the same interactions between the parties as Plaintiff's original claims (though different elements must be proved). ECF No. 40 at 4. Accordingly, USAA will not be prejudiced by having to engage in

limited additional discovery on Plaintiff's new claims.[3] *See DCD Programs, Ltd.*, 833 F.2d at 187-88.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 36) is GRANTED.

**IT IS FURTHER ORDERED** that the parties are to meet and confer regarding how much additional time will be needed to conduct discovery on Plaintiff's new claims.

**IT IS FURTHER ORDERED** that the parties are to file a joint proposed discovery plan and scheduling order to complete discovery on Plaintiff's new claims by July 30, 2021. The Court expects the scope of discovery to be focused and limited and the proposed discovery dates to reflect this limited scope of discovery.

DATED: July 16, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[3] Because of the Court's heavy docket, it took the Court several months to review Plaintiff's motion to amend. In this time, discovery closed, and the dispositive motion deadline ran. Plaintiff's ability to bring his new claims, however, should not be prejudiced by the Court's delay in reviewing his motion to amend.